52 *Vroom.* State v. DeMarco.

---

THE STATE, DEFENDANT IN CERTIORARI, v. ANGELO DEMARCO ET AL., PROSECUTORS.

Submitted March 23, 1911—Decided April 7, 1911.

The offence described in the first clause of section one of the supplement to the Crimes act (*Pamph. L.* 1910, *p.* 24), is not charged in an indictment that fails to make any mention of any such place as that stated and described in the statute.

---

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *Alexander Simpson.*

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J.  An indictment having been removed to this court by a writ of *certiorari,* a motion is now argued to quash each of the three counts of which it consists.  The indictment is based upon the act of March 14th, 1910 (*Pamph. L., p.* 24), and the first and second counts are evidently intended to charge the offence set forth in the first and second sections, respectively, of the statute.  This the first count fails to do. It charges that the accused did take and place a certain woman by force.  This does not charge or even suggest the offence named in the statute, the gist of which is the character, or, at least, the existence of the place to which the woman was taken or in which she was placed, viz., "a house of ill-fame or of assignation or elsewhere."  Even assuming that "elsewhere" need not have the described character, it must at least have a locality or be in existence, and this the pleader has totally failed to suggest, much less to state.  Without such a predicate the verb "to take" means "to apprehend" or "to lay hold of;" and "to place" means "to locate" or "to put or set," none of which meanings remotely suggest the taking, placing, harboring, enticing or inveigling to a place devoted to sexual immorality which is the offence against which this clause of the statute is aimed.  This count is bad for this reason and perhaps for others.  The second count is good. It follows the language of the second section of the act which sufficiently describes a concrete offence.  The third count is also good; it charges assault and battery, which is not incongruous with the offence charged in the second count.

The record will be sent back to the Hudson Sessions, that the defendants may be placed upon trial under the second and third counts of the indictment.